<hr />

### ANDREW LUKE v. PHILIP HAKE.

Defendant made a verbal agreement for the hiring of premises for one year, and subsequently requested that a written lease should be given to him. A written lease was prepared, which the defendant refused to accept, and refused to take the premises. *Held*, that the parol lease was not rescinded by what occurred subsequent to the making of it, and that the defendant was liable for the rent of the premises.

APPEAL by defendant from a judgment of the First Judicial District Court. The facts are fully stated in the opinion.

BY THE COURT.*—ROBINSON, J.—This action was for one month's rent, due June 1, 1872, for premises 2d floor of No. 15 North William street. Answer, general denial.

Hallenbake, plaintiff's agent, swore positively to the agreement made verbally on the 1st or 5th of April for hiring

* Present, DALY, Ch. J., ROBINSON and LOEW, JJ.

of the premises by defendant for one year, at $850 rent, payable monthly in advance. That defendant, about a week afterward, or about the 15th, requested a written lease. Witness says he told defendant "that there was no use whatever for a written lease. He said he knew that; but wanted it for a particular purpose. He said he had a verbal agreement with another tenant to take this floor off his hands, and he wanted the lease as matter of form, and in case of the man not becoming a tenant he could sue him. The written instrument prepared for execution does not vary the rights of the parties. Some difficulty occurring about the execution and delivery of the written lease, defendant seems for that reason to have attempted to repudiate the agreement. In a previous case on the same facts, for the May rent, we held the justice warranted, on the evidence of this witness, in finding for plaintiff on the consummated parol lease, and that the dispute or difficulty about the subsequently prepared written lease did not affect the original parol contract, or the rights that had attached under it.

No new considerations are presented warranting a different conclusion.

Judgment should be affirmed.

DALY, Ch. J., and LOEW, J., concurred.

Judgment affirmed.